J-A04027-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ISAAC DOUGBA | |
| Appellant | No. 2063 EDA 2016 |

Appeal from the Judgment of Sentence dated June 6, 2016
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-SA-0000793-2015

BEFORE: SHOGAN, J., SOLANO, J., and PLATT, J.[*]

DISSENTING MEMORANDUM BY SOLANO, J.:   **FILED NOVEMBER 13, 2017**

I respectfully dissent. Appellant was charged with harassment, which is committed "when, with the intent to harass, annoy or alarm another, the [defendant] . . . follows the other person in or about a public place or places." 18 Pa. C.S. § 2709(a)(2). Here, the evidence is that the complainant was approaching an intersection in Darby, Delaware County, when Appellant tried to get her attention by beeping the horn of his truck. She quickly walked to the intersection and turned left. Appellant entered the intersection and turned right. By no construction of the English language can that conduct by Appellant be considered "follow[ing] the other person." It was the opposite of following.

---

[*] Retired Senior Judge assigned to the Superior Court.

The complainant said that Appellant "turned his back" as he approached the intersection, causing her to fear that he might get out of his truck; instead, however, Appellant drove in the other direction. N.T., 4/12/16, at 4-10. The complainant saw Appellant's truck driving through Darby two more times that day, once as it passed a gas station near her house and again as it approached a post office. In neither case did Appellant give any indication that he saw the complainant or was following her. As the complainant testified, Appellant did not face her and "didn't do anything as he was driving past." N.T., 4/12/16, at 8-9.

When reviewing the sufficiency of the evidence, our task is to determine whether the evidence was sufficient to prove all elements of the offense beyond a reasonable doubt. **Commonwealth v. Smith**, 985 A.2d 886, 894 (Pa. 2009), **cert. denied**, 562 U.S. 842 (2010). Here, there is no evidence that Appellant did anything with an intent to harass, annoy, or alarm the complainant. And even if Appellant's beckoning to the complainant by beeping his horn were to be considered intentionally alarming, there is no evidence that Appellant followed the complainant after he did so. She went left and he went right, and then he drove past a gas station and a post office. Because the evidence is insufficient to prove harassment, Appellant's judgment of sentence should be reversed.

There is one more fact that should be noted here: the complainant — the Commonwealth's only witness — is a 13-year-old girl who did all the

correct things when faced with what seemed to her to be potential danger. When Appellant beckoned to her, she called her mother on her cell phone and began "speed walking" to the intersection. And later she called the police and testified at Appellant's trial. In this age of heightened vigilance about potential harm from strangers, the complainant's conduct is understandable, and her pursuit of justice is commendable. But a young teenager's fear is not a basis to convict someone of a crime, and our praise for the pursuit of justice should not allow us to uphold a conviction that the evidence does not support.

The judgment of sentence should be reversed.